UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

CASE NO. 1:09-CR-45-12

v.

HON. ROBERT J. JONKER

LAQUIDA BRESHUIN PRATT,

       Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Defendant Laquida Pratt's motion for an extension of time in which to file her notice of appeal (docket # 324). The Court entered judgement against Ms. Pratt on January 7, 2010. Although an amended judgment was entered on January 29, 2010, the amendment merely corrected a clerical error. Accordingly, under Rule 4(b) of the Federal Rules of Appellate Procedure, Ms. Pratt had to file her notice of appeal within 14 days after the final judgment was entered on January 7, 2010. FED. R. APP. P. 4(b)(1)(A)(I); *United States v. Greer*, 79 Fed. App'x 974, 974-75 (9th Cir. Oct. 20, 2003) (unpublished opinion) (holding that a clerical amendment that does "not substantively change the sentence imposed and added no new basis for an appeal" does "not affect the finality of the original judgment"). Ms. Pratt did not file her notice of appeal until February 16, 2010, forty days after the final judgment and eighteen days after the amended judgment. Defendant's notice of appeal therefore was untimely even if the January 29 judgment is the operative final judgment. FED. R. APP. P. 4(b)(1)(A)(I); FED. R. APP. P. 26.

Rule 4 also provides for an additional thirty-day extension of the time in which to appeal if the district court finds "excusable neglect or good cause." *See* Fed. R. App. P. 4(b)(4); *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006). Ms. Pratt requests an extension under this provision (docket # 324). Here, the Court finds neither excusable neglect nor good cause to grant Ms. Pratt's motion for an extension. Accordingly, the Court denies her motion.

Defendant contends that she did not timely discuss with her attorney her desire to appeal because she did not realize until after her time to appeal had expired that she was being held responsible for the proceeds from the January 2008 fraud trip to Connecticut. Defendant's responsibility for the Connecticut trip, however, was disclosed in the Presentence Report. Accordingly, Defendant had notice that she would be held responsible for the trip long before sentencing or judgment, and she cannot show excusable neglect for her failure to timely file an appeal. *See id.*; *United States v. Williams*, No. 97-2328, 166 F.3d 1216, *3 (6th Cir. Nov. 23, 1998) (unpublished opinion). Additionally, her plea agreement includes an appellate waiver for a within-guidelines sentence (docket # 182 at 7), which she received (*see* docket # 284). Defendant therefore cannot establish good cause to excuse her untimely filing.

Accordingly, Defendant's motion for an extension of time to file a notice of appeal is **DENIED**.

Dated:   March 4, 2010                     /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE